IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KAREN OSHAUGHNESSY,

    Plaintiff,

v.

THE BRACHFELD LAW GROUP, PC,

    Defendant.

_____/

CASE NO. 3:11-CV-1190-J-37TEM

FILED 2011 DEC -2 PM 12:33 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FL

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, KAREN OSHAUGHNESSY ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of St. Johns, and City of Elkton.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, THE BRACHFELD LAW GROUP, PC ("Defendant"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Defendant began calling Plaintiff's residential telephone on or about January 10, 2010, and at such time, Defendant attempted to collect an alleged debt in default belonging to an "Ann Marie Semmig' and/or "James Semmig."

12. During the first conversation with Defendant on or about January 15, 2010, Plaintiff informed Defendant that Plaintiff was neither "Ann Marie Semmig" nor "James Semmig," and that her only connection with Ann Marie Semmig was Ann's involvement in Plaintiff's horse farm approximately 6 years earlier.

13. Defendant continued to place calls to Plaintiff's residential telephone several times a week throughout January, February, and March 2010.

14. During such calls, Plaintiff continued to inform Defendant that she was not Ann Marie Semmig and did not know Ms. Semmig's current location.

15. On or about March 30, 2010, Defendant told Plaintiff she was "very crafty and shifty" because she would not "admit to owing the debt."

16. On or about March 30, 2010, Defendant threatened to sue Plaintiff "for not owning up to a debt."

17. Though Plaintiff informed Defendant that she was not Ann Marie Semmig and did not know Ms. Semmig's current location, Defendant continued to call Plaintiff's residential telephone more than weekly from March 2010 through July 2011.

18. In February 2011, Plaintiff informed Defendant that Ann Marie Semmig was, she believed, a licensed accountant, and James Semmig was a truck driver, so Defendant could locate the correct people for this alleged debt.

19. Further, Plaintiff asked several times and was refused Defendant's corporate names and address, and thus Plaintiff was unable to send Defendant a demand to cease and desist.

20. On or about March 28, 2011, Defendant called Plaintiff's residential telephone, and at such time, told Plaintiff she was part of a conspiracy protecting Ann Semmig from having to pay a legitimate debt.

21. In connection with collection of an alleged debt in default, Defendant called Plaintiff's residential telephone on or about August 1, 2011, and at such time, Defendant insisted that Plaintiff must be Ann Semmig because she answered Plaintiff's residential telephone.

22. On or about August 20, 2011, after Plaintiff asked, Defendant gave its corporate name to Plaintiff but refused to give Plaintiff a mailing address, stating, "We can't give out our address."

23. During said conversation, Defendant threatened, "We're a big law group. We're powerful."

24. When Plaintiff again informed the Defendant it was calling the wrong person, Defendant stated, "You don't understand the law."

25. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

27. Defendant violated 15 U.S.C. § 1692b(3) by communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

29. Defendant violated 15 U.S.C. § 1692d(5) by engaging Plaintiff in telephone conversations repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

31. Defendant violated 15 U.S.C. § 1692e(2)(A) by continuing to call Plaintiff after she informed Defendant that she was not Ann Semmig and by insisting she must be Ann Semmig

because she answered the telephone, and thus Defendant falsely represented the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

33. Defendant violated 15 U.S.C § 1692e(5) by threatening Plaintiff with the fact that Defendant is a "powerful law firm," Defendant threatened to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

35. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(7);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

37. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

38. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-25 of this complaint.

39. Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

40. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

41.  Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 30th day of November, 2011.

                                        Respectfully submitted,
                                        **KAREN OSHAUGHNESSY**

                                        By: _/s/ Alex Weisberg_
                                        ALEX N. WEISBERG
                                        FBN: 0566551
                                        WEISBERG & MEYERS, LLC
                                        ATTORNEYS FOR PLAINTIFF
                                        5722 S. Flamingo Rd, Ste. 656
                                        Cooper City, FL 33330
                                        (954) 212-2184
                                        (866) 577-0963 fax
                                        aweisberg@attorneysforconsumers.com